(June 25, 1974)

■ In the Matter of CAROLYN E. MILLER, Respondent, v. A. P. DIMON & SON, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent:— Appeals by the employer and its insurance carrier from decisions of the Workmen's Compensation Board, filed June 29, 1971 and September 20, 1972. Claimant's husband, Jack Miller, suffered a cerebral vascular accident on December 10, 1965 while employed as a truck driver. This injury was found to have been causally related to a fall which occurred on that day while in the course of his employment, and decedent was awarded compensation which was paid until the date of his death on June 11, 1967. In the month of May, 1967, decedent returned to work for the employer, this time working in the employer's warehouse. His duties consisted of guiding bags of onions and potatoes which were traveling on a conveyor belt into machines which sewed or stapled the bags. The sewing job involved the sewing of between 800 to 1,000 bags per hour and the stapling job about 500 bags per hour. During the last full week pay period before he died, he worked 51½ hours. He died on Sunday, June 11, 1967. The cause of death was determined to be coronary thrombosis, myocardial infarction and marked coronary atherosclerosis. After a hearing, the referee found that death occurred on a day when decedent was not working, and that it was unrelated to his work and in no way related to his compensable accident of December 10, 1965. The board reversed the referee's finding " that decedent should not have returned to bagging potatoes and working overtime ", and further that " decedent's death was a result of accelerated deterioration of decedent's arteries due to the accident of Dec. 10, 1965 and that death is causally related to the accidental injuries of Dec. 10, 1965." Appellants now contend that there is no substantial evidence to establish causal relationship between decedent's accident of 1965 and his death on June 11, 1967. In a case of this nature causal relationship can only be established by medical opinion. The opinion of claimant's medical expert is in sharp conflict with that of appellant's expert. The choice, however, as to which opinion is to be accepted, lies with the board, and its determination, being supported by substantial evidence, must be affirmed. (*Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529.) Decisions affirmed, with costs to the Workmen's Compensation Board. Staley, Jr., J. P., Greenblott, Cooke, Kane and Reynolds, JJ., concur.

■ In the Matter of MARGARET MARCHIGIANI, Appellant, v. L. J. THORNTON, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the claimant from a decision of the Workmen's Compensation Board, filed October 20, 1969, which disallowed a claim for death benefits under the Workmen's Compensation Law. Claimant's deceased husband was a backhoe operator with a history of several prior heart attacks. He collapsed and died while operating his machine digging holes for guard rail anchor posts along a new highway. Claimant contends the medical evidence produced by the carrier and the impartial specialist was based on the erroneous assumption that the work performed by decedent at the time of his death did not require considerable physical exertion and was not strenuous. This contention is not supported by the proof. The impartial specialist based his opinion " on the total sense of the record " and concluded that there was no causal relation between decedent's work activities and his sudden death. There is substantial evidence to support the board's decision which must be sustained (*Matter of McCormick* v. *Green Bus Lines,* 29 N Y 2d 246, 248; *Matter of Grovine* v. *Edwards & Son,* 37 A D 2d 647). Decision affirmed, without costs. Staley, Jr., J. P., Greenblott, Cooke, Kane and Reynolds, JJ., concur.