■ In the Matter of the Claim of MAX BREITFELD, Respondent, v COSMO OPTICS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from a decision of the Workmen's Compensation Board, filed April 11, 1975 and an amended decision filed January 8, 1976. The board found that claimant was totally disabled as a result of his exposure to silica in his employment; that the silica dust aggravated the emphysema and the exposure to silicant made the asthma worse. The sole issue presented on this appeal is whether there is substantial evidence in the record to support this determination. We believe there is. The record reveals that claimant worked for Cosmo Optics, Inc., for approximately six months; that during three and one-half months of this period he was engaged in grinding glass. While there is some conflict in the proof, there is testimony that claimant's sputum contained particles of glass and silica and Dr. Maxon who examined for the carrier testified he found fibriotic change secondary to silicosis which was to some degree likely related to claimant's occupation as a lens grinder. Furthermore, Dr. Ruthberg, claimant's attending physician, testified that in his opinion, claimant had been inhaling dust and diagnosed the condition found as silicosis which he concluded was the result of exposure to glass dust. Considering the record in its entirety, we are of the view that there is substantial evidence to sustain the determination of the board. Decision affirmed, with costs to the Workmen's Compensation Board. Sweeney, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.

■ In the Matter of the Claim of EDYTHE MANBECK, Respondent, v MANBECK MACHINERY COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workmen's Compensation Board, filed December 12, 1974, November 17, 1975 and April 15, 1976. On March 18, 1970 the deceased employee herein was concededly involved in a compensable automobile accident, and he thereafter died of a cerebral hemorrhage on October 22, 1970. The board awarded claimant death benefits after finding that her deceased husband's death was causally related to his industrial accident, and the sole question presented on this appeal is whether substantial evidence supports the board's determination that the decedent's demise was causally related to aggravation of his underlying hypertensive cerebral vascular disease resulting from his industrial accident. We find that the board's decision must be affirmed because *substantial medical evidence in the record, including both oral testimony and documentary evidence,* supports its determination as to causality, and any conflict in the expert opinions presented were for the board to resolve (cf. *Matter of Miller v Dimon & Son,* 45 AD2d 788). Decisions affirmed, with costs to respondents filing briefs. Sweeney, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.