■ In the Matter of the Claim of ROSE ESPOSITO, Respondent, v COMBUSTION ENGINEERING, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed March 26, 1976. On February 6, 1973, there was a fire at the deceased employee's place of employment, and he allegedly inhaled a certain amount of smoke. On the following day he reported to the dispensary at his place of employment and complained to the nurse in attendance of smoke inhalation and black sputum. He was then referred to a physician who ordered medication and asked him to return in five days. On February 9, 1973 he collapsed and died, and the sole issue presented on this appeal is whether there is substantial evidence in the record to support the board's finding that the decedent's death was causally related to the episode of smoke inhalation on February 6, 1973. One of the doctors who testified at the hearing stated "the episode of smoke inhalation led to a sequence of events of myocardial annoxia which precipitated the sudden death of the deceased". Although appellants contend that this answer was based on an inaccurate hypothetical question, an examination of the record reveals that the referee specifically limited the facts to be considered in answering the question to those facts included in the record. Appellants rely mainly upon medical testimony negating a finding of causal relationship. The conflict in the expert opinions of the doctors, however, was for the board to resolve and, since the board's determination is based upon substantial evidence, it must be affirmed (*Matter of Ricapito v Haskel,* 51 AD2d 1069; *Matter of Miller v Dimon & Son,* 45 AD2d 788). Decision affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.