◼ In the Matter of the Claim of PAUL HAYDEN, Respondent, v. M & R LINOLEUM & CARPET COMPANY et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board. Claimant, Paul Hayden, was a rug salesman and handler for many years. He worked for appellant-employer, M & R Linoleum and Carpet Company, for over five years. Throughout this period, claimant was exposed to dust and lint in his work while exhibiting, moving, showing, storing and cutting various rugs and carpets. When claimant ceased work he filed a claim for compensation alleging he was totally disabled from pulmonary involvement due to dust and other materials about the working premises. The Referee found claimant totally disabled from pulmonary emphysema, chronic bronchitis and bronchial asthma but disallowed the claim for failure to establish occupational disease or causal relationship. The board, after referring the case to a specialist, reversed the Referee and found that " claimant's exposure to lint and dust in the course of his employment with the employer herein from 1952 to 1958 precipitated and aggravated a bronchial irritation and predisposition to pulmonary emphysema, the nature of which pulmonary condition constitutes an occupational disease within the meaning of the Workmen's Compensation Law." Appellants here argue that the record does not support the finding of occupational disease. There is no dispute that claimant for many years was exposed to dust and lint in his employment but there is dispute as to the effect, if any, such exposure had on his pulmonary condition. Dr. McMahon, the attending physician, testified as follows: " Q. Doctor, did you state what the effects of inhaling lint the kind that has been described by Mr. Hayden would have upon the lungs? A. It would cause irritation and coughing and most certainly would be allergy after that period of time. Q. And by continuous — what would be the effect of continuous irritation upon the lungs? A. It would cause a chronic cough and chronic cough can cause emphysema and chronic bronchitis. Q. And Fibrosis also? A. Yes. Q. Is that an injury to the lung itself? A. Oh, yes. Q. That is what causes shortness of breath, isn't that right? A. Yes." This testimony is in addition

to the doctor's report and his answer to a hypothetical question wherein he stated that the disability was due to exposure to rug dust or lint. We believe that the board's finding that the exposure to lint and dust precipitated (i.e., caused) the bronchial condition is supported by substantial evidence and is sufficient and proper to sustain an award for an occupational disease (*Matter of Roettinger* v. *Great Atlantic & Pacific Tea Co.*, 17 A D 2d 76, affd. 13 N Y 2d 1102). The fact that the conclusion reached by the board is contrary to other medical opinion in the record cannot alter our conclusion inasmuch as such conflict is a question of fact to be resolved by the board (Workmen's Compensation Law, § 20; *Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529). We have preferred to reach the factual issue upon the merits and our conclusion renders consideration of the procedural questions unnecessary. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Taylor and Hamm, JJ., concur.