■ In the Matter of the Claim of BERTHA FALLON, Respondent, v JOHNS-MANVILLE SALES CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed April 26, 1983, which awarded benefits after ruling that claimant's decedent became disabled from an occupational disease and that his subsequent death was causally related to the disease. ¶ On October 25, 1978, John Fallon filed a claim for compensation against his employer, Johns-Manville, in which he alleged a condition of pulmonary asbestosis caused by 38 years of exposure to asbestos while working as a pipe coverer. On September 9, 1979, Fallon died of a carcinoma of the liver with pulmonary asbestosis being listed as a contributing cause. Thereafter, a claim for death benefits was filed by his widow on October 30, 1979. On December 30, 1981, an administrative law judge disallowed the claim for occupational disease on the ground that decedent had never been totally disabled from asbestosis, and disallowed the claim for death benefits on the ground that decedent died of a carcinoma of the liver. Upon review, the Workers' Compensation Board reversed the administrative law judge and held that decedent became disabled on November 3, 1978 from an occupational disease, asbestosis, and that his death on September 9, 1979 was causally related to that occupational disease. ¶ The employer and its compensation insurer have appealed. They claim that the board erred as a matter of law in reversing the findings and decision of the administrative law judge on the issue of disability and that the proof in support of the claim did not rise to the level of substantial evidence. The only issue before us is whether there is substantial evidence to support the board's finding. In that regard, it is noted that there was disagreement among the medical experts who testified, which disagreement required a determination by the board as to what evidence should be accepted and what rejected. It is the board's authority and responsibility to make such decisions. The board's decision was supported by substantial evidence and, accordingly, should be affirmed. ¶ Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.