■ In the Matter of the Claim of RAUL RODRIGUEZ, Respondent, v CONTINENTAL STEEL CORPORATION, Formerly PENN-DIXIE INDUSTRIES, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed February 1, 1983, which ruled that claimant's respiratory disease was precipitated by his employment and awarded benefits.

During 20 years of employment as a laborer at Penn-Dixie Industries, Inc., claimant was exposed to stone and iron ore dust in the cement manufacturing process. After the plant was closed in 1975, he worked for other employers until he was hospitalized for coronary bypass surgery and chest abnormalities in October, 1978. Based on examinations and a lung biopsy taken during cardiac surgery on October 19, 1978, Dr. Frank Maxon, Jr., a pulmonary disease specialist, diagnosed silicosis which rendered claimant permanently and totally disabled. Dr. James Blake, who examined claimant for the self-insured employer, found no

evidence of silicosis or causal relation to employment by Penn-Dixie. In dismissing the claim, an administrative law judge held that disability was due to unrelated cardiac and vascular diseases. On appeal, the board ordered an examination by Dr. John Poggi as an impartial specialist. Notwithstanding Dr. Poggi's report that he "would be very hard pressed to make a diagnosis of pneumoconiosis", the board reversed and adopted Dr. Maxon's reports and testimony, holding that the disability was causally related to long periods of exposure to dust in claimant's employment which resulted in total and permanent disability. After further hearings, the board decided that the claim against Penn-Dixie (which had become bankrupt and was renamed Continental Steel Corporation in reorganization proceedings) was not discharged, and ultimately held that the Special Disability Fund must reimburse Continental Steel for payments made upon the award. The instant appeal is by Continental Steel from the award by the board dated February 1, 1983 which found an occupational disease causally related to claimant's employment.

Continental Steel initially contends as a threshold issue that by reason of reorganization proceedings pursuant to chapter 11 of the Bankruptcy Code, specifically subdivision (a) of section 362 of the code (US Code, tit 11, § 362, subd [a]), the automatic stay provision bars any action or proceeding against the petitioning debtor. The issue is whether the specific exception to the automatic stay (US Code, tit 11, § 362, subd [b], par [4]) is applicable to workers' compensation cases.* To trigger the statutory exception to the stay, workers' compensation proceedings must constitute an enforcement of the State's police or regulatory powers. We find guidance in a Federal Court of Appeals case originating in Ohio holding compensation claims were well within the exception and were not stayed (*Matter of Mansfield Tire & Rubber Co.*, 660 F2d 1108, 1114). Absent authority to the contrary, we choose to follow that case and reject the employer's argument.

Continental Steel next contends prejudice in the designation of Dr. Poggi as an impartial specialist because he was associated

---

* Pertinent parts of section 362 of the Bankruptcy Code provide: "(a) Except as provided in subsection (b) of this section, a petition * * * operates as a stay, applicable to all entities, of — (1) the commencement or continuation * * * of a judicial, administrative, or other proceeding against the debtor that was * * * commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; * * * (b) The filing of a petition * * * does not operate as a stay * * * (4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power".

in practice with claimant's expert, Dr. Maxon. We are unpersuaded for two reasons. First, Dr. Poggi was favorable to Continental Steel, failing to find evidence of silicosis. It can hardly be argued this was prejudicial. Second, the contention Dr. Poggi lacked impartiality was not raised before the board and may not now be considered by this court on appeal (*Matter of Middleton v Coxsackie Correctional Facility*, 38 NY2d 130, 133).

Finally, the decision, being supported by substantial evidence, must be affirmed (*Matter of Morgante v Southeastern Public Serv. Co.*, 98 AD2d 892). The determination of which conflicting or opposing medical evidence should be accepted is within the province of the board (*Matter of Fallon v Johns-Manville Sales Corp.*, 103 AD2d 955).

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.