■ In the Matter of the Claim of FANNIE ZIVITZ, Respondent, v J & S MEAT CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. Appeal from a decision of the Workers' Compensation Board, filed August 7, 1984.

On August 7, 1970, claimant's decedent, then 62 years of age, sustained a compensable myocardial infarction and was awarded benefits. In December 1971, decedent moved to Florida. In September 1976, a coronary bypass operation was performed and, as a result of this operation and other surgical

intervention, he was classified as permanently totally disabled and received benefits to the date of his death on May 14, 1982. Two years prior to death, decedent was found to be suffering from carcinoma of the colon. On May 6, 1982, he was hospitalized for supporting care only due to increasing pain from metastatic carcinoma of the colon to the liver and bone. His hospital record also included an additional diagnosis of unstable angina and a history of cranial surgery for subdural hematoma. Decedent died on May 14, 1982, with a death certificate indicating the immediate cause of death as metastatic colon cancer without reference to any other secondary or consequential cause of death.

The Workers' Compensation Board has awarded widow's benefits to claimant, finding from the entire medical record and the testimony of claimant's experts that decedent's demise was hastened by his causally related myocardial infarction and that death was causally related thereto. We reverse.

The record demonstrates that decedent died as a direct result of the cancer and there is no substantial evidence that decedent's preexisting heart condition caused or contributed to the cancer. It is unsubstantial and pure speculation to hypothesize how long decedent would have survived with his impaired heart condition, or to what extent life could have been sustained had decedent requested life-supporting treatment. The facts of this case are strikingly similar to those found in *Matter of Riehl v Town of Amherst* (308 NY 212) and compel the same conclusion.

Decision reversed, without costs, and claim dismissed. Mahoney, P. J., Kane and Levine, JJ., concur.

Casey and Weiss, JJ., dissent and vote to affirm in the following memorandum by Casey, J. Casey, J. (dissenting). Since the record contains the reports of two medical experts concluding that decedent's work-related heart condition contributed to his death, the contrary evidence in the record created a classic case of conflicting expert medical opinions. Our scope of review of Workers' Compensation Board decisions does not include the power to substitute our view of the factual merits of a controversy for that of the Board *(Matter of Axel v Duffy-Mott Co.,* 47 NY2d 1, 6). The conflicting expert medical evidence merely raised a factual issue for the Board to resolve *(Matter of Rodriguez v Continental Steel Corp.,* 106 AD2d 752, 754; *Matter of Adler v Guild Elecs.,* 97 AD2d 606). In contrast with *Matter of Riehl v Town of Amherst* (308 NY 212), the testimony of Dr. Martin Fox herein reaffirms the opinion in his report and establishes that his opinion was not

based on pure speculation. Accordingly, we would affirm the Board's decision.