■ In the Matter of the Claim of JUDITH E. WESP, Respondent, v LIBERTY NATIONAL BANK & TRUST COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. P. Appeal from a decision of the Workers' Compensation Board, filed December 9, 1983, as amended by decisions filed March 12, 1984 and January 29, 1985.

Claimant, a bank teller, was robbed at gunpoint on July 31, 1981 at her place of employment. As a result of this incident, she sustained a compensable severe degree of anxiety, as diagnosed by her attending psychiatrist who found her disabled and recommended that she not return to work for several weeks. When she returned to work on September 1, 1981, she was notified of her discharge from employment for the reason that her employer discovered "that she had done things that were inconsistent with being out on disability", i.e., worked as an usherette at a Buffalo Bills football game and attended a beauty pageant at which her daughter participated. Claimant then filed a discrimination complaint (Workers' Compensation Law § 120) against her employer, which, after a hearing and submission of reports from her attending psychiatrist, was sustained by the Workers' Compensation Board.

The decision must be affirmed. The employer's unilateral decision to terminate claimant was in reality a determination

that claimant was not disabled, a medical determination not within the province of the employer (see, Matter of Fallon v Johns-Manville Sales Corp., 103 AD2d 955). In our view, the underlying facts upon which her discharge is based are clearly within the statutory proscriptions prohibiting discharge because a claimant claims compensation (see, Matter of Duncan v New York State Developmental Center, 63 NY2d 128). Additionally, we find no merit in the employer's argument that the medical reports are mere hearsay and insufficient to support a finding of substantial evidence, particularly when the employer did not avail itself of producing the author of the reports or other medical evidence (see, Matter of Eagle v Paterson, 57 NY2d 831).

Decision affirmed, with one bill of costs. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.