■ In the Matter of the Claim of DOLORES McKILLOP, Re-

spondent, v McKillop Funeral Livery, Inc., et al., Appellants. Workers' Compensation Board, Respondent.—Appeals from two decisions of the Workers' Compensation Board, filed March 26, 1990 and November 21, 1991, which ruled that claimant's decedent had sustained an occupational disease and awarded workers' compensation benefits.

Claimant's husband (hereinafter decedent) commenced work for his employer in 1952 as a hearse and limousine driver six days a week from 7:00 A.M. to 3:00 P.M. It was established that he had a rare skin disorder called epidermedysplasia verrucaformis (hereinafter EV) from the time of his youth which, by adulthood, produced benign lesions covering portions of his skin. Decedent's doctor noted that EV alone will not lead to skin cancer but that the precipitant of cumulative sunlight exposure will turn EV lesions into skin cancer. He further concluded that decedent's cancer was related to occupational exposure to the sun rather than recreational exposure. He based this finding on the fact that, although decedent had the benign EV lesions on other parts of his body including the left and right sides of his face and ears, the cancerous EV lesions on the left side of his face, which was exposed to the sun when he drove, outnumbered the carcinomas on the right side of his face by a ratio of four to one. Decedent's doctor specifically testified that, had the skin cancer been the result of recreational exposure, it would have developed bilaterally. Finally, decedent's doctor stated that sunlight exposure could reach decedent through the car's windows and windshields.

Under these circumstances, we find substantial evidence to support the conclusion of the Workers' Compensation Board that a causal relationship was established between decedent's employment and the development of his skin cancer and that decedent had sustained an occupational disease (see, Matter of Kuczkowski v Bethehem Steel Corp., 90 AD2d 612, affd 58 NY2d 946; Matter of Nunez v Tesser Textile Co., 79 AD2d 800; Matter of Pacifico v Treadway Inns Corp., 33 AD2d 1069, lv denied 26 NY2d 612; Matter of Benware v Benware Creamery, 22 AD2d 968, affd 16 NY2d 966). The existence of evidence in the record to support a contrary conclusion does not change this result, as conflicts in medical opinion are for the Board to resolve (see, Matter of Carter v Mobil Chem. Co., 111 AD2d 1063, 1063-1064; Matter of Rodriguez v Continental Steel Corp., 106 AD2d 752, 754; Matter of Hayden v M & R Linoleum & Carpet Co., 24 AD2d 788, 789, lv denied 17 NY2d 418).

Weiss, P. J., Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the decisions are affirmed, without costs.