■ In the Matter of the Claim of FREDERICK H. TOMLIN, Respondent, v ASPLUNDH TREE EXPERT COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [645 NYS2d 612] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed April 19, 1995, which ruled, *inter alia*, that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant was the site manager of an equipment repair facility operated by the employer in Delaware County, where he had been employed for approximately 23 years. In February 1984, claimant allegedly began experiencing excessive chest pains and sought medical attention. The employer sent claimant a letter granting him a medical leave of absence until March 19, 1984 and requested supporting medical documentation. Claimant's treating physician, Patrick McAndrew, sent the employer a note dated February 28, 1984 stating that he had been treating claimant since February 20, 1984 for essential hypertension, left ventricular hypertrophy and chest pain of an as-yet undetermined origin. The note further stated that claimant was undergoing a complete medical work-up and he would be unable to return to work until all tests were completed. The employer thereafter sent claimant a disability claim form with the letterhead of an insurer from which the employer had purchased a disability insurance plan in accordance with Workers' Compensation Law § 211 (2). Claimant completed this form and it apparently was received in the employer's home office on April 3, 1984. The employer,

however, thereafter used this claim form as a claim for disability insurance pursuant to a salary continuation plan that it administered itself, which never had been filed with the Workers' Compensation Board. Claimant was paid benefits in accordance with this plan.

Thereafter, pursuant to the employer's request, claimant was examined by the employer's physician, John Walters, on April 6, 1984. In the report filed by Walters, it was noted that claimant has "rather constant chest pain" that does not resemble angina and that there was "[n]o evidence for organic heart disease". Thereafter, the employer informed claimant that inasmuch as he did not have a "bona fide" disability, his absence from work would be considered a voluntary termination of his employment. Claimant then filed for statutory disability benefits under Workers' Compensation Law article 9.

Claimant subsequently filed a claim for discriminatory discharge with the Board alleging that the employer violated Workers' Compensation Law § 241 by firing him in retaliation for his claim for disability benefits. The employer opposed the claim on the ground that, *inter alia,* the Board lacked jurisdiction. The Board concluded that it had jurisdiction to hear the case and, further, that claimant had been discriminated against in violation of Workers' Compensation Law § 241. The Board also ruled that claimant's damages should be reduced in light of evidence that claimant may have been able to find other work during the applicable period yet failed to actively seek employment. This appeal by the employer ensued.

Initially, we reject the employer's argument that the Board should be deprived of jurisdiction to determine this discrimination claim because the employer failed to file its separately administered salary continuation plan with the Board pursuant to Workers' Compensation Law § 211 (5). Significantly, the Board has the authority pursuant to Workers' Compensation Law article 9 to determine what plans or benefits the employer herein has in place to meet the requirements of the State's disability benefits law and the benefits to which an employee is entitled by law. The record indicates that although the employer did not follow the proper procedure for acceptance of its salary continuation plan, it nevertheless used the existence of this plan to satisfy its obligation under State law and in fact utilized this plan "in lieu of" the statutory provision of benefits (*see,* 12 NYCRR 358-3.4, 358-3.8). Inasmuch as it would be irrational to permit the employer to file one plan with the Board in order to satisfy the State's requirements and then allow it to actually administer a separate disability plan, i.e., the sal-

ary continuation plan, free from State regulation, we decline to disturb the Board's determination that the Board had jurisdiction to consider this matter.

The remaining arguments advanced by the employer have been examined and found to be lacking in merit. Contrary to the employer's assertions, the record contains substantial evidence to support the Board's conclusion that claimant was fired in retaliation for his claim of disability benefits (*see, Matter of Asem v Key Food Stores Co-op.*, 216 AD2d 806, *lv denied* 87 NY2d 802; *Matter of Murtaugh v Bankers Trust Co.*, 111 AD2d 1064). The record is clear that the employer unilaterally decided to terminate claimant by reason of its determination that he was not disabled, a medical determination not within the province of the employer (*see, Matter of Wesp v Liberty Natl. Bank & Trust Co.*, 119 AD2d 934, 934-935). Additionally, one of the employer's former employees and supervisors testified that claimant had been terminated for that precise reason. Finally, we have considered the employer's contention that the Board should have totally eliminated claimant's damage award because of his failure to actively seek employment and find it to be unpersuasive on the facts presented here.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.