■ In the Matter of the Claim of HARRY DE LA CONCHA, Respondent, v FORDHAM UNIVERSITY, Appellant. WORKERS'

COMPENSATION BOARD, Respondent. [738 NYS2d 745] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed October 17, 2000, which ruled that claimant was discharged by the employer in violation of Workers' Compensation Law § 120.

On October 3, 1995, claimant, a locksmith employed by Fordham University (hereinafter the employer), executed a "last chance agreement" to resolve an ongoing disciplinary proceeding. The agreement provided that any violation of the employer's rules or policies would result in his termination, without the benefit of the disciplinary protections of his union contract. On October 31, 1995, during the course of a union grievance meeting which he attended as a union shop steward representing two employees, claimant was allegedly involved in a physical altercation with Anthony Ruggerio, the employer's director of human resources. As a result of neck and back injuries that he allegedly sustained from this incident, claimant missed work, filed accident reports and subsequently filed a claim for workers' compensation benefits. The employer and the State Insurance Fund controverted the claim.*

On December 13, 1995, claimant's employment was terminated. The termination letter from the employer's director of facilities operations set forth several reasons for claimant's dismissal, including his filing of a false report for workers' compensation benefits and salary continuation. Thereafter, claimant commenced this proceeding alleging that the employer unlawfully terminated his employment because he filed for workers' compensation benefits, a violation of Workers' Compensation Law § 120. After extensive hearings, during which the employer maintained that Ruggerio never assaulted claimant and that claimant's claim for benefits was false, the Workers' Compensation Law Judge (hereinafter WCLJ) found that "[t]he other reasons indicated [for claimant's termination] appear to be after-thoughts added for justification" and concluded that "the employer was motivated to terminate claimant's employment because he filed and maintained a claim for workers' compensation." The WCLJ then continued the case for the imposition of a penalty and damages. Upon review, a panel of the Workers' Compensation Board affirmed the WCLJ's decision, finding that "claimant was discharged from his employment in retaliation for filing a claim for workers' compensation benefits." The employer appeals.

* A reserved decision filed March 15, 1999 found the October 31, 1995 incident constituted an accident arising out of and in the course of employment, found proper notice and directed development of the record on the issue of the period and extent of a causally related disability.

On appeal, the employer contends that the Board failed to adhere to its own precedent or explain its deviation from that precedent rendering its decision arbitrary and capricious, and the Board's determination was not supported by substantial evidence. While it is well established that "[a] decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious" (*Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 516-517) and would require reversal of the agency determination (*see, Matter of Caldas v 86 Alda Rest.*, 167 AD2d 594, 595), the cases cited by the employer, which it claims should have been followed by the Board, are factually distinguishable. *Matter of New York City Tr. Auth.* (1995 WL 506907) involved an employee on a similar "final warning" status who was discharged for filing a false accident report. However, the truth or falsity of the report in that case was the subject of hearings and did not involve a unilateral determination of the legitimacy of the claimant's workers' compensation claim by the employer, which was the case here. Similarly distinguishable is *Matter of New York State Dept. of Social Servs.* (1992 WL 310197), which the employer cites in support of its position that even if the claim was legitimate, the employer's reasonable perception that the claim was false would prevent a finding of discrimination under Workers' Compensation Law § 120. The claimant in that case failed to provide medical documentation that she suffered an injury which rendered her unable to work, unlike claimant here, who had documented medical proof of a disabling injury suffered at work. Consequently, we reject the employer's argument that the Board's determination must be overturned because it failed to follow its own precedent or provide an explanation for not doing so.

Next, we reject the employer's contention that the Board's determination, that claimant was terminated in retaliation for filing a workers' compensation claim, was not supported by substantial evidence. At the time of claimant's discharge in December 1995, the employer only had conflicting medical evidence and differing versions of the October 1995 altercation. With only those disputed facts to consider, we agree with the Board's finding that the employer's December 1995 termination of claimant was tantamount to a determination of the merits of his claimed work-related injury, which is prohibited (*see, Matter of Tomlin v Asplundh Tree Expert Co.*, 229 AD2d 740, 742, *appeal dismissed* 89 NY2d 938; *Matter of Wesp v Liberty Natl. Bank & Trust Co.*, 119 AD2d 934, 934-935). Additionally, and most importantly, Ruggerio, who was personally

involved in the October 31, 1995 incident with claimant, admitted that he personally controverted claimant's workers' compensation claim and the major part of claimant's discharge was the filing of said compensation claim. Moreover, the record supports the WCLJ's determination, which was left undisturbed by the Board, that the several nondiscriminatory reasons set forth in the termination letter "appear[ed] to be after-thoughts added for justification." Consequently, we find that the Board's determination that claimant was discharged in retaliation for filing a claim for workers' compensation benefits is supported by substantial evidence (*see, Matter of Axel v Duffy-Mott Co.*, 47 NY2d 1, 6; *Matter of Gillen v US Air*, 260 AD2d 853; *Matter of Lawrence v Consolidated Edison Co.*, 240 AD2d 871, 874).

Finally, to the extent that the employer's remaining arguments fall outside the scope of its claim that the Board's determination was not supported by substantial evidence, they have been reviewed and found to be lacking in merit.

Mercure, J.P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.