Chief Judge Desmond.
On the single controverted issue the Workmen’s Compensation Board held that: “The weight of the medical evidence introduced indicates that the injuries resulting from the accident of August 20, 1951 were a factor in the death.” The only argument against the unanimously affirmed award is that the medical opinion evidence as to causality (that is, aggravation of tuberculosis by accident) is not sufficiently definite or positive. The employer and carrier say that the proofs were “ speculative ” since the testimony of the physicians included such words as “possibly”, “probably” and “could”. The Appellate Division, however, unanimously affirmed with a statement that despite the use by the experts of those less-than-positive words “ the record as a whole” sufficiently establishes an accident-caused aggravation of a preexisting pulmonary tuberculosis. In other words, the Appellate Division held that the record read as a totality contained substantial and adequate opinion evidence. We, like the Appellate Division, will look for the thought and meaning of this medical testimony rather than penalize the claimant because the doctors did not state their opinions in terms of infallibility or scientifically determined certainty.
The Appellate Division’s reading of the “ whole record ” was justified. Although decedent was first admitted to the Danbury Hospital on August 20, 1951, his chest was not X-rayed until he was later admitted to Harlem Valley Hospital in November, 1951. This and subsequent X rays showed active and moderately advanced chronic pulmonary tuberculosis. Thus, while there is no direct proof of existing active tuberculosis before the August 20, 1951 accident date, there is a strong basis for an inference to that effect. Now, let us look at the expert testimony relied on by claimant but considered by appellants to be so speculative as not to amount to substantial evidence. First, as to Dr. Doonief: such difficulty as there is started with the form of the question, since he was asked whether he had an opinion as to whether the accident and decedent’s resulting physical and mental condition ‘ ‘ could be a contributing cause to the accelera *416 tion of this [pulmonary] disease He answered that, while the immediate cause of tuberculosis is always the bacillus, the trauma “ could be ” a secondary cause or a cause of aggravation of the pre-existing lesion. This physician was highly qualified and while he had never .seen the deceased he had made an examination of all the reports and records.
Next, claimant relies on a report concurred in by all three members of an impartial board of chest consultants called in by the Referee. That report notes that there is ample proof of active tuberculosis as of 1951. As to causal relationship, the report says that “ it may be assumed with all reasonable likelihood ” that the accident trauma “ could possibly have influenced adversely” the tuberculosis and aggravated and accelerated that disease with ensuing death. This rather involved locution is apparently the physician’s way of expressing an opinion, albeit with caution. A reading of the whole of the impartial board’s report produces a conclusion that these three qualified physicians were all expressing the opinion that the accident aggravated the pre-existing tuberculosis.
Finally, we turn to Dr. Mayer. Dr. Mayer was honest enough to say that, while he had an opinion that the tuberculosis preexisted the accident, there was no proof of it. As to traumatic aggravation of the tuberculosis his report said that “ it may be assumed with all reasonable likelihood that [it] could possibly have influenced adversely his tuberculosis ”. Of course, one can pick out the words ‘1 assumed ’ ’ and ‘1 possibly ’ ’. But this careful physician was saying all that an opinion expert could honestly say, that is, that although there could not be certainty in such a case his professional judgment was that causality should and could be assumed and acted upon although in the nature of things it could never be scientifically proven or disproven.
Our function is not to reject opinion evidence because non-lawyer witnesses fail to use the words preferred by lawyers and Judges but to determine whether the whole record exhibits, as it does here, substantial evidence of aggravation (see Matter of Miller v. National Cabinet Co., 8 N Y 2d 277, 284, 285; Sentilles v. Inter-Caribbean Shipping Corp., 361 U. S. 107; Burke v. Nelson Mfg. Co., 219 Minn. 381, 386; Gaffney v. Industrial Acc. Bd., 129 Mont. 394, 398).
*417 The order should be affirmed, with costs to respondent Workmen’s Compensation Board.
Judges Dye, Fuld, Van Voorhis, Burke, Foster and Scileppi concur.
Order affirmed.