■ In the Matter of the Claim of FRANCIS J. DOERSAM, Respondent, v OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Casey, J. Appeal from a decision of the Workers' Compensation Board, filed May 12, 1989, which ruled that claimant sustained an accidental injury in the course of his employment and restored the case to the trial calendar.

At issue on this appeal is whether the Workers' Compensation Board can reject the unanimous conclusion of the only two medical experts to offer an opinion as to the causal relationship between claimant's employment and the myocardial infarction which disabled him, and conclude that the constant high stress associated with claimant's employment aggravated his preexisting heart condition over time and, therefore, constituted repeated trauma which created a causal relationship between claimant's employment and the disability. Since the end result is a decision which lacks the support of substantial evidence in the record, we answer this question in the negative and reverse the Board's decision.

Claimant began working for his employer as an investigator in 1973 and was chief welfare fraud investigator from 1978 until November 26, 1982, when he sustained a myocardial infarction at his home that left him totally and permanently

disabled. It is undisputed that claimant's job was generally stressful and that he occasionally was confronted by specific circumstances that were particularly stressful. It is also undisputed that claimant's hypertension, which began at an early age, and his obesity, heavy smoking and family history were risk factors that predisposed claimant to the early development of coronary artery disease, which first manifested itself in the form of angina chest pain no later than 1977 and perhaps as early as 1970.

The attending physician, who treated claimant for his heart condition beginning in 1977, noted that claimant had expressed concern that the stress of his job was contributing to his heart condition, but the attending physician was never asked for, and never volunteered, his opinion as to whether the stress of claimant's job had any causal relationship to claimant's myocardial infarction or the underlying heart condition. The employer's medical expert and the impartial specialist appointed at the Board's direction were both of the opinion that the stress of claimant's employment was not a contributing factor in either the underlying coronary artery disease or the myocardial infarction. Nevertheless, as noted above, the Board found that claimant's disability was causally related to his employment.

In its brief on appeal the Board cites a number of cases in support of the argument that the decision must be affirmed since the question of whether claimant's heart attack was an accident causally related to his employment presented a factual issue for the Board to resolve. The bulk of the cited cases are, however, irrelevant since the question of causal relationship in those cases either was not in dispute *(see, e.g., Matter of Klimas v Trans Caribbean Airways,* 10 NY2d 209) or was resolved by the Board in a manner which was consistent with the opinion evidence in the record presented by at least one medical expert *(see, e.g., Matter of Currie v Town of Davenport,* 37 NY2d 472). Here, in contrast, the question of causal relationship is the only issue in dispute and the Board's resolution of that issue is in direct conflict with the conclusion of the only medical experts who expressed their opinions on that issue.

In reviewing a Board decision concerning the medical question of causality, we will look to the record to determine whether, read as a totality, it contains substantial and adequate opinion evidence to support the Board's finding *(see, Matter of Ernest v Boggs Lake Estates,* 12 NY2d 414, 415). We have said that "[i]n a case of this nature causal relationship

can only be established by medical opinion" and where the opinions of the medical experts are in conflict "[t]he choice * * * as to which opinion is to be accepted, lies with the board" *(Matter of Miller v Dimon & Son,* 45 AD2d 788). We have also held that in resolving medical questions, the Board's fact-finding authority includes the power to selectively adopt a portion of the unanimous opinion of the experts and, based upon that adopted portion of the opinion and other evidence in the record, resolve the medical question in a manner which is not wholly consistent with the experts' opinion *(Matter of Moore v RPM Indus.,* 144 AD2d 135, 136). In contrast, however, we have said that the Board cannot entirely reject the unanimous opinion of the experts on the issue of causation and draw its own conclusion as to causation, as such a conclusion would not be supported by substantial evidence *(Matter of Smith v Bell Aerospace,* 125 AD2d 140, 142-143). It is our view that the Board's finding herein falls into this latter category.

The Board's decision, as amplified by its brief on appeal, purports to base its finding of causal relationship on the undisputed evidence that claimant's heart condition deteriorated significantly during the period that claimant was employed in a stressful job. According to the Board, this evidence, coupled with the attending physician's testimony that stress has been suspected of causing coronary artery disease or myocardial infarction and the impartial specialist's concession that a minority of the medical community is of the view that constant stress over time could lead to coronary artery disease and myocardial infarction, provided the necessary substantial evidence to support the Board's finding of causal relationship between claimant's stressful employment and his disability. We disagree. Although the evidence is weak at best, there may be substantial medical opinion evidence in the record to support a finding that stress over time can cause coronary artery disease and myocardial infarction. The medical question presented in this case, however, was not a general hypothetical one, but a specific factual one: was the stress encountered by claimant during his employment a contributing factor in claimant's coronary artery disease and myocardial infarction. On this issue, the record contains no medical expert opinion evidence of a causal relationship. The only opinion that such a causal relationship exists is that of the Board. Although the Board's repeated exposure to cases involving medical questions, medical reports and medical witnesses may have led to the development of a certain expertise

in such matters *(see, Matter of Currie v Town of Davenport, supra,* at 476), that expertise is to "be employed in weighing and balancing evidence with appropriate regard for its probative character" *(supra,* at 476), not in the fashioning of the Board's own medical opinion in direct and total conflict with the unanimous conclusion of the only experts to offer an opinion on the particular medical question *(see, Matter of Smith v Bell Aerospace, supra).*

Decision reversed, and claim dismissed, with costs against the Workers' Compensation Board. Mahoney, P. J., Casey and Mercure, JJ., concur.

Mikoll and Levine, JJ., dissent and vote to affirm in a memorandum by Mikoll, J. Mikoll, J. (dissenting). From a long series of cases, commencing with the seminal decision in *Matter of Klimas v Trans Caribbean Airways* (10 NY2d 209), New York courts, in dealing with heart attacks, have found that stress, anxiety and worry associated with employment constitute *without more* an accidental injury justifying an award of workers' compensation benefits because the stress can cause physical deterioration. In reaching such a determination, the Court of Appeals in *Klimas* referred to *Matter of Masse v Robinson Co.* (301 NY 34, 37) wherein it was said that "[w]hether a particular event was an industrial accident is to be determined, not by any legal definition, but by the common-sense viewpoint of the average man". Thus, for the first time the court found that no additional incident of physical or emotional stress provoking a heart attack need be established to find the event work related. Since then other cases have recognized that excessive emotional stress may arise from any directly experienced activities of employment and injure those workers who are physically or mentally susceptible to its effects *(see, e.g., Matter of Rackley v County of Rensselaer,* 141 AD2d 232, *lv dismissed* 74 NY2d 791).

Here, claimant sustained a heart attack on November 26, 1982, the day after Thanksgiving, which has debilitated him to such an extent that he is no longer able to work. The attack occurred while at home. Claimant was to report for work that day. The Workers' Compensation Board found that claimant's job was consistently very stressful, that in the six-month period prior to his heart attack incidents occurring on June 19, 1982, August 8, 1982 and November 9, 1982 served to increase the normally high level of stress; that stress may aggravate preexisting hypertension and that claimant's record showed that his blood pressure worsened with continued employment. This, the Board found, constituted a condition of

repeated traumas exacerbated by the above-listed incidents. The heart attack of November 26, 1982 was thus found to arise out of and in the course of employment and claimant's disability was found to be causally related thereto.

In our opinion, the Board's determination should be affirmed in that there is substantial evidence to support it *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180-182). The majority points to the failure to elicit a pro forma opinion from claimant's attending physician on causality and to the opinions of the employer's medical expert and the impartial specialist, who were both cardiologists, that the myocardial infarction was not work related as determinative of the question of causal relationship. A search of the record indicates that although the opinion of the impartial specialist was to the effect that claimant's feelings of stress did not cause the debilitating heart attack, his testimony lends support to the Board's finding that claimant's blood pressure worsened over the years with continued work. Also, the employer's physician did not rule out causality. He said: "it seems apparent the infarct was to a far *greater extent* related to his risk factors and his known coronary artery disease going back at least 9-10 years rather than any stress during his employment" (emphasis supplied). This opinion does not, by any means, dispel the relationship of stress to claimant's disabling heart attack. Rather, it places stress into a secondary category after that of claimant's risk factors.

It is unfortunate that the question of causality was not put clearly to claimant's physician, also a cardiologist. The record does, however, disclose that claimant's physician was of the opinion that stress causes myocardial infarction, that certain personality types develop stress symptoms easily, that claimant had complained of stress as early as 1977 and 1978, and that stress aggravates hypertension and blood pressure.

The Board could and did rationally conclude that claimant's difficult and pressure-filled work exposed him to undue emotional stress and that the cardiac symptoms he suffered shortly before his heart attack, in the wake of a frightening "near miss" stakeout encounter with an out of control truck on November 9, 1982, his worsening hypertension and blood pressure, were the traumas which lead to his heart attack. We would therefore affirm the Board's decision.