■ In the Matter of the Claim of ALAN V. VAN PATTEN, Respondent, v QUANDT'S WHOLESALE DISTRIBUTORS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [603 NYS2d 195] —Casey, J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed January 24, 1990 and March 13, 1991, which, *inter alia,* ruled that claimant sustained a consequential injury and awarded workers' compensation benefits.

The primary issue presented on these appeals is whether the severe and debilitating head injury claimant suffered on November 22, 1984 while playing football with family and friends was causally related to the blow to the head claimant sustained on November 8, 1984 while unloading a truck at his place of employment. On the issue of a causal relationship, the Workers' Compensation Board cannot entirely reject the unanimous opinion of the experts and draw its own conclusion as to causation *(see, Matter of Doersam v Oswego County Dept. of Social Servs.,* 171 AD2d 934, 936, *affd* 80 NY2d 775). Nor can the Board rely upon expert opinion evidence that is pure speculation *(Matter of Zivitz v J & S Meat Corp.,* 114 AD2d 709, 710, *affd* 67 NY2d 868). The Workers' Compensation Law, however, does not require that medical opinions be expressed with absolute or reasonable medical certainty *(Matter of Carter v Mobil Chem. Co.,* 111 AD2d 1063, 1064). All that is required is that it be reasonably apparent that the expert meant to signify a probability as to the cause and that his opinion be supported by a rational basis *(Matter of Johnson v New York City Bd. of Educ.,* 169 AD2d 1003; *see, Matter of Ernest v Boggs Lake Estates,* 12 NY2d 414, 415). A medical opinion, with a supporting medical hypothesis, is sufficient to support the Board's finding of a causal relationship *(Matter of Bilow v Town of Chateaugay,* 151 AD2d 845, 846).

A fair reading of Kim Marsh's expert medical testimony establishes that he meant to signify a probability as to the

causal relationship between claimant's injuries and the blow to claimant's head sustained at work on November 8, 1984. From the moment he first saw claimant in the emergency room on November 22, 1984, Marsh was of the opinion that claimant's severe injuries were not consistent with the history he was given concerning claimant's fall during a touch football game. Although Marsh knew nothing about claimant's November 8, 1984 work-related accident when he saw claimant on November 22, 1984, he suspected that claimant had suffered a prior blow to the head. When Marsh was informed of the November 8, 1984 blow to claimant's head and of the symptoms after that incident described by claimant, and of the lack of coordination displayed by claimant during the football game as described by claimant's brother, Marsh testified, in substance, that claimant's injuries were the result of the combined effect of the blows to claimant's head on November 8, 1984 and November 22, 1984. Such testimony constitutes substantial evidence to support the Board's finding of a causally related injury (see, Matter of Carter v Mobil Chem. Co., supra, at 1064), even though Marsh's opinion could have been expressed more clearly (see, Matter of Calabretta v Lanorith, 90 AD2d 608, 609). Not having examined or treated claimant after the November 8, 1984 incident and prior to the November 22, 1984 incident, Marsh candidly conceded that his opinion involved some speculation, but that did not deprive his testimony of rationality (see, Matter of Kavanaugh v Empire Mut. Ins. Group, 151 AD2d 885, 886).

The employer and its Workers' Compensation insurance carrier also argue that the Board erred in regard to its findings on the issues of accident and notice, but the record contains substantial evidence to support the Board's decision on those issues, as well as on the issue of a causal relationship. The Board's decision should therefore be affirmed.

Mikoll, J. P., Yesawich Jr. and Crew III, JJ., concur. Ordered that the decision is affirmed, without costs.