■ In the Matter of the Claim of MISAEL RONDA, Respondent, v EDENWALD CONTRACTING et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [628 NYS2d 834] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed May 21, 1993, which ruled that claimant was permanently totally disabled on a medical basis.

Claimant's employer and its workers' compensation carrier contend that the Workers' Compensation Board erred when it reversed the finding of the Workers' Compensation Law Judge that claimant had a permanent partial disability on a medical basis, and thereafter found a permanent total disability, when the only issue raised when seeking Board review was whether claimant suffered from a total industrial disability.

While claimant's application for Board review sought, *inter alia*, reversal of the underlying determination to warrant a finding that claimant has a total industrial disability subsequent to a specific date, it is well settled that "[t]he board's broad jurisdiction includes the power, on its own motion or on application, to modify or rescind a Referee's decision* * * and * * * its 'continuing' jurisdiction embraces the power of 'modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just' " (*Matter of Spaminato v Bay Transp. Corp.*, 32 AD2d 345, 346-347 [citation omitted], quoting Workers' Compensation Law § 123; *see, Matter of Parella v Harrod Steel Erection Co.*, 19 AD2d 451, 453, *lv denied* 13 NY2d 600). Noting that this Court may only review issues which have been considered by the Board, the Legislature has not provided a similar limitation upon the Board's broad powers of review. Hence, we reject the application of *Matter of Yanarella v IBM Corp.* (195 AD2d 620) and *Matter of Clark v J. S. S. Realty Co.* (26 AD2d 877) in this instance.

We further reject the contention that the decision of the Board was not based upon substantial evidence when the record is viewed in its entirety. The issue of claimant's disability presented a question of fact for the Board to determine and to the extent that it relied upon its assessment of credibility, it is "not subject to change upon this appeal" (*Matter of Hawthorne v Peartrees, Inc.*, 56 AD2d 961, *affd* 43 NY2d 683; *see, Matter of Altman v Hazan Import Corp.*, 198 AD2d 674).

Accordingly, we find the decision fully supported by substantial evidence and reject all further contentions raised as without merit.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.