(May 23, 1996)

■ In the Matter of the Claim of RALPH CASTIGLIONE, Respondent, v MECHANICAL TECHNOLOGY, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [643 NYS2d 236] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed February 14, 1994, which, *inter alia*, ruled that claimant sustained a causally related disability and granted his claim for workers' compensation benefits.

Claimant worked as a technical specialist for his employer for approximately 13 years. Between June and December 1990, he worked in the laser control room where his duties included operating a laser machine to remove materials from metal specimens. The laser process turns the metal from solid to liquid to vapor; the process also produces dust and leaves a residual odor in the air. During the course of this six-month period, claimant began to notice a metal taste in his mouth

and a dusty residue on his lips after operating the laser; claimant reported this to one of his employer's engineers.

In November 1990, the recirculating ventilation-filter system, which also serviced the work area adjoining the laser room, was determined by consulting engineers to be inadequate; they recommended directing the exhaust from the filter system to a location outside the building. During the year following claimant's taking ill, a new ventilation system was installed and was subsequently modified to increase its velocity. A fellow employee who had also complained of the by-products of the laser process testified that the new ventilation system eliminated the problems of fumes in the area of the laser control room.

In December 1990 claimant was taken to a local hospital after experiencing sudden pain in his abdomen; after eight days he was transferred to Albany Medical Center in Albany County where he underwent surgery and remained for approximately eight weeks. He was diagnosed as suffering from acute pancreatitis and eventually filed a C-3 claim for workers' compensation benefits. John Fortune, the physician who treated claimant at Albany Medical Center and was the only doctor to offer medical evidence, filed a report and also testified at the hearing. He reported that claimant was in excellent health at the time of the onset of the disease and that his medical history revealed no known risk factors for acute pancreatitis. Fortune opined that claimant's illness "could have been related to exposure to environmental toxins at work". When asked on cross-examination whether, in his opinion, a causal relationship was a mere possibility or a probability, Fortune stated that it was a "possibility". At the close of the hearing, citing this part of Fortune's testimony, a Workers' Compensation Law Judge disallowed the claim finding that claimant had failed to establish that his illness was causally related to his employment. Upon appeal the Workers' Compensation Board reversed, ruling that claimant's illness arose out of his employment. This appeal by the employer and its workers' compensation insurance carrier (hereinafter collectively referred to as the employer) ensued.

We affirm. In our view, the totality of the evidence overshadows Fortune's reluctance to incorporate the word "probable" into his opinion that claimant's illness could have been caused by environmental toxins to which he was exposed at his workplace. It is well established that medical opinion with respect to causal relationship in workers' compensation cases need not be stated in terms of "positiveness or absolute

certainty" (*Matter of Jurkovich v Northeast Constructors*, 56 AD2d 696). "The form of the answers is less important than the context and background" (*Matter of Miller v National Cabinet Co.*, 8 NY2d 277, 284). The function of the court "is not to reject opinion evidence because non-lawyer witnesses fail to use the words preferred by lawyers and Judges but to determine whether the whole record exhibits * * * substantial evidence" (*Matter of Ernest v Boggs Lake Estates*, 12 NY2d 414, 416).

The record contains uncontroverted proof that the process performed in claimant's workplace created noxious dust, vapors and fumes, which were not adequately being removed from the air and which claimant complained about to his employer. Fortune testified to the known causes of acute pancreatitis and explained his reasons for eliminating each known risk factor with respect to claimant, a 40-year-old who had been in excellent health, except for exposure to the dust and vapors at work. The record is devoid of any other explanation for claimant's illness (*see, Matter of Zaepfel v du Pont de Nemours & Co.*, 284 App Div 693, 696). We are not, nor should we be, bound by the cautious language used by a doctor when there is sufficient evidence in the record to factually support the Board's decision. Accordingly, we conclude that there is substantial evidence to support the Board's finding that claimant's pancreatitis arose out of and in the course of his employment.

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.