■ In the Matter of the Claim of MARALENE KELSEY, Respondent, v NEW YORK STATE UNIVERSITY AT GENESEO et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [647 NYS2d 875] —Appeal from a decision of the Workers' Compensation Board, filed February 27, 1995, which, *inter alia*, ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant was employed as a cleaner when she was injured at work by a metal door which fell over, striking her on the back. At a hearing before a Workers' Compensation Law Judge (hereinafter WCLJ) claimant's chiropractor, James Watkins, testified that although claimant was suffering from a cancerous tumor in her spine, a portion of her back pain was nonetheless caused by her employment-related injury. The employer stipulated to Watkins' qualifications as an expert witness at this hearing, raising no objections to his qualifications. The WCLJ determined that claimant had no further causally related disability. On appeal, however, the Board reversed, determining that further awards were justified based upon Watkins' opinion.

The WCLJ ultimately determined that claimant had suffered a continuing partial disability which was 75% causally related to her back injury. The employer appealed the decision, contending that Watkins was not competent to testify regarding the impact of claimant's cancer upon her disability. The Board affirmed.

The employer appeals, contending that the Board's decision is not supported by substantial evidence because it was based upon Watkins' testimony and Watkins, as a chiropractor, was incompetent to testify regarding the effect of claimant's tumor on her disability. We disagree. The right to object to Watkins' qualifications was waived by the employer's failure to object thereto at the time of his testimony before the WCLJ (*see, Matter of Druziak v Town of Amsterdam*, 209 AD2d 870, 872, *lv denied* 85 NY2d 809). While there remains a conflict as to causality between Watkins and the employer's medical expert witness, such conflict was appropriately resolved by the Board (*see, Matter of Lynch v New York City Hous. Auth.*, 169 AD2d 1029).

Cardona, P. J., Mercure, Crew III, Casey and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.