(June 19, 1997)

■ In the Matter of the Claim of GIACCHINO MUSSO, Respondent, v EARTH MOVERS, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. [659 NYS2d 105] —Mikoll, J. P. Appeal from a decision of the Workers' Compensation Board, filed April 16, 1993, which, *inter alia,* ruled that claimant sustained an accidental injury in the course of his employment.

Claimant worked as a heavy equipment operator for the employer from 1984 until November 1985. On November 11,

1985, he injured his back when the seat of the truck which he was driving collapsed after he struck a bump in the road. He informed his supervisor and, after being assigned to a different truck, finished his shift. The following day, however, claimant informed his supervisor that he was experiencing severe back pain and needed a form to apply for workers' compensation benefits. Claimant's supervisor assaulted him and told him to leave the premises.

On November 13, 1985, claimant was examined by Raymond Kurzner, an orthopedist, and on November 18, 1995 he filed a C-3 claim for workers' compensation benefits. He treated with Kurzner again on November 25, 1985, at which time he was advised that he could return to work after a week of bed rest. Claimant, however, was unemployed following his injury until March 1987 when he started working for another company as a machine operator. Due to back pain, claimant began treatment with Michael Rand, a chiropractor, on March 4, 1987.

Thereafter, various hearings were held in claimant's workers' compensation case and a Workers' Compensation Law Judge (hereinafter WCLJ) rendered a decision finding that claimant had established accident, notice and causal relationship for a work-related back injury on November 11, 1985. A subsequent WCLJ made a partial award of benefits for certain time periods, but held others in abeyance pending further development of the record. On appeal, the Workers' Compensation Board affirmed the WCLJs' decisions and found, *inter alia*, that claimant sustained his injury while driving a truck with a broken seat and that his injury was subject to exacerbation, thereby justifying the award of benefits for the period March 6, 1987 to April 15, 1987. The employer appeals contending, *inter alia*, that substantial evidence does not support the Board's findings that claimant sustained an accidental, work-related injury to his back as a result of the November 11, 1985 accident or that claimant's disability in March 1987 was causally related to the November 11, 1985 accident.

We find the employer's initial contention to be without merit. Claimant testified in detail regarding the circumstances leading to the collapse of the truck seat and the ensuing injury to his back which occurred on November 11, 1985. His testimony was corroborated by the testimony of a co-worker, Ernst Jaffee, who was also present on that date. In addition, Kurzner stated that, during the course of treatment, claimant related to him that he had injured his back when the seat of the truck he was driving collapsed. Although the employer's witnesses testified that claimant never informed them of his back injury, their

testimony merely presented a question of credibility for the Board to resolve (*see, Matter of Billings v Dime Sav. Bank*, 236 AD2d 649, 650; *Matter of Ronda v Edenwald Contr.*, 216 AD2d 741). We find that the testimony of claimant, Jaffee and Kurzner provide substantial evidence establishing that claimant sustained an accidental, work-related injury to his back on November 11, 1985.

We further conclude that the Board's finding that claimant's disability of March 1987 was causally related to the November 11, 1985 accident is supported by substantial evidence and must also be affirmed on this record. Kurzner opined that claimant was not permanently disabled due to the November 1985 accident and that there was no apparent connection between the accident and claimant's apparent disability of March 1987, but conceded that a back injury could be exacerbated over a period of time. Rand testified that he first began treating claimant on March 4, 1987 and diagnosed him as having chronic lumbosacral myalgia with sciatic neuritis. Rand treated claimant with spinal manipulation through at least August 1990. Rand opined that claimant was totally disabled as a result of the November 1985 accident and indicated that his diagnosis was made with reasonable medical certainty, assuming that the history related by claimant is correct.

"It is well established that medical opinion with respect to causal relationship in workers' compensation cases need not be stated in terms of 'positiveness or absolute certainty' " (*Matter of Castiglione v Mechanical Technology*, 227 AD2d 865, 866-867, quoting *Matter of Jurkovich v Northeast Constructors*, 56 AD2d 696). "The function of the court 'is not to reject opinion evidence because non-lawyer witnesses fail to use the words preferred by lawyers and [j]udges but to determine whether the whole record exhibits * * * substantial evidence' " (*Matter of Castiglione v Mechanical Technology, supra*, at 867, quoting *Matter of Ernest v Boggs Lake Estates*, 12 NY2d 414, 416).

The conclusion as to causation reached by Rand has a rational basis and was buttressed by Kurzner's initial diagnosis finding that claimant had recurrent back pain. Further, claimant explained that his treatment with Kurzner ended because Kurzner would not provide further treatment unless he received payment and claimant did not have the funds to do so. Nevertheless, claimant stated that he continued to have back pain and eventually discovered that Rand would treat him. The conflicts in the testimony of the medical experts and as to the facts were for the Board to resolve (*see, Matter of Kelsey v New York State Univ.*, 232 AD2d 688, 689; *Matter of*

*Ronda v Edenwald Contr.*, 216 AD2d 741, *supra*; *Matter of Curtis v Adirondack Trailways*, 146 AD2d 900, 901). According the Board's determination on the issue of causation the deference to which it is entitled, we affirm (*see, Matter of Castiglione v Mechanical Technology, supra; see also, Matter of Palacio v A & P Tea Co.*, 92 AD2d 683).

The employer's contention that the WCLJ erred in not allowing counsel for the employer to adequately offer testimony by Kurzner to demonstrate claimant's prior back injuries was not raised in the application for Board review or passed upon by the Board; thus, it may not be reviewed on this appeal (*see, Matter of Middleton v Coxsackie Correctional Facility*, 38 NY2d 130, 132-133; *Matter of Onofri v Syracuse China Corp.*, 63 AD2d 774, 775).

Crew III, Casey, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.