■ In the Matter of the Claim of MARGARET C. DONGARRA, Respondent, v VILLAGE OF OSSINING, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [673 NYS2d 255] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed August 2, 1996, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant, a clerical worker for the Village of Ossining, Westchester County, was assigned at various times to work in what originally had been a sewage treatment plant. Although the one-story building had been converted to office space, sewer transfer pumps containing raw sewage were located under the floor beneath claimant's desk. In November 1991, claimant began experiencing certain gynecological problems and, ultimately, was diagnosed as suffering from acute endometritis and an E-coli infection.

Based upon our review of the record as a whole, we are persuaded that there is substantial evidence to support the Workers' Compensation Board's finding that claimant contracted an E-coli infection and that such infection was causally related to her employment. Although the Village questions the sufficiency of the proof linking claimant's medical condition to

her employment, we note that while the Board cannot rely upon expert opinion evidence that amounts to nothing more than pure speculation, "[t]he Workers' Compensation Law * * * does not require that medical opinions be expressed with absolute or reasonable medical certainty * * *. All that is required is that it be reasonably apparent that the expert meant to signify a probability as to the cause and that his opinion be supported by a rational basis" (*Matter of Van Patten v Quandt's Wholesale Distribs.*, 198 AD2d 539 [citations omitted]; *see, Matter of Castiglione v Mechanical Technology*, 227 AD2d 865, 866-867). Based upon the testimony of claimant's treating physician, and taking into consideration the absence of any other explanation for claimant's illness (*see, Matter of Castiglione v Mechanical Technology, supra*, at 867), we find that there is substantial evidence to support the Board's decision. The Village's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Spain, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.