Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Ordered that the appeals from orders are dismissed, without costs. Ordered that the judgment is affirmed, without costs.

■ In the Matter of the Claim of VICTORIA MOREINES, Appellant, v LAWRENCE NURSING CARE CENTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [716 NYS2d 823] —Cardona, P. J. Appeals (1) from a decision of the Workers' Compensation Board, filed July 13, 1999, which ruled that the exacerbation of claimant's multiple sclerosis was not causally related to her work, and (2) from a decision of said Board, filed April 7, 2000, which amended the prior decision with regard to the credibility of medical evidence presented by the consultant for the employer's workers' compensation carrier.

Claimant was diagnosed no later than 1988 with multiple sclerosis (hereinafter MS). Despite experiencing several periods of exacerbation of her symptoms thereafter, claimant continued to work until March 1995 when she ceased employment and

subsequently filed a claim for workers' compensation benefits. The claim set forth that her work environment had made her MS more severe to the extent that she was unable to continue her work. Concluding that the medical testimony was ambiguous with regard to the exact cause of the exacerbation of her MS, the Workers' Compensation Board found that a causal relationship between the exacerbation of claimant's MS and her work environment had not been established. Following claimant's appeal, the Board amended its decision by noting that the medical report of the consultant for the employer's workers' compensation carrier indicated the lack of a causal relationship between claimant's condition and her work and that the consultant's credibility on this issue had withstood cross-examination. Claimant's appeals from both decisions have been consolidated.

Claimant contends that the report of the carrier's consultant, when considered in the context of his testimony, is equivocal on the issue of causal relationship and that, therefore, the Board was obligated to accept the testimony of claimant's expert, who was unequivocal in his opinion that exacerbation of claimant's MS was caused by her work environment. Notably, in *Matter of Dongarra v Village of Ossining* (250 AD2d 1007, *lv dismissed* 92 NY2d 919, *lv denied* 93 NY2d 816), we recognized that: "[W]hile the Board cannot rely upon expert opinion evidence that amounts to nothing more than pure speculation, '[t]he Workers' Compensation Law * * * does not require that medical opinions be expressed with absolute or reasonable medical certainty * * *. All that is required is that it be reasonably apparent that the expert meant to signify a probability as to the cause and that his opinion be supported by a rational basis' " (*id.*, at 1008, quoting *Matter of Van Patten v Quandt's Wholesale Distribs.*, 198 AD2d 539 [citation omitted]).

In the instant case, the carrier's consultant testified that the course of MS is unpredictable and that there are a number of possible causes of exacerbation. He further indicated that exacerbation can occur without any apparent cause and claimant had a progressive form of the disease which could explain her current condition. The consultant could not say that claimant's work environment was causally related to the exacerbation of her MS. It is reasonably apparent from his testimony and report that the consultant was under the opinion that a causal link could not be established between the exacerbation of claimant's MS and her work environment, an opinion which provides substantial evidence to support the

Board's finding (*see, Matter of Archer v IBM Corp.*, 212 AD2d 948). Contrary to claimant's argument, this case involves the type of conflict in medical opinion that is within the province of the Board to resolve, particularly in cases where the Board must determine whether the medical evidence establishes causality (*see, Matter of Panagiotatos v Eastman Kodak Co.*, 222 AD2d 877, 878).

Peters, Carpinello, Graffeo and Rose, JJ., concur. Ordered that the decisions are affirmed, without costs.