■ In the Matter of the Claim of Judith Altes, Appellant, v Petrocelli Electric Company, Respondent. Workers' Compensation Board, Respondent [725 NYS2d 123] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed July 14, 2000, which ruled that the death of claimant's decedent did not arise out of and in the course of his employment and denied claimant's claim for workers' compensation death benefits.

Claimant's decedent, who sustained a work-related injury in 1986, committed suicide in 1994. Alleging that decedent's death was a result of a psychological condition caused by the work-related injury, claimant filed a claim for workers' compensation death benefits. In denying the claim, the Workers' Compensation Board concluded that there was no causal relationship between decedent's death and the 1986 work-related injury. On claimant's appeal, this Court concluded that the Board had applied an incorrect legal standard, reversed the decision and remitted the matter to the Board (270 AD2d 767). Upon remit-

tal, the Board again denied the claim, concluding that decedent's suicide was not causally related to the 1986 work-related injury. Claimant appeals and we affirm.

Experts for claimant and the employer were in general agreement that claimant's suicide was the direct result of his severe depression. The experts differed, however, with regard to the causal relationship between the severe depression and the 1986 work-related accident. Claimant's principal contention is that, in its prior decision, the Board actually made a specific factual finding to accept the opinion of her expert and then applied the wrong legal standard in finding no causal relationship. Thus, claimant argues, the Board was bound by its prior factual finding and could not, upon remittal, make a different finding based upon the same evidence. A review of the prior decisions of the Board and this Court reveals no basis for claimant's argument.

In our prior decision, we expressly noted that "the Board did not base its decision on its authority to resolve conflicts in expert opinions" (*id.*, at 768). Rather, the Board concluded in its prior decision that, "[e]ven if the opinion of [claimant's expert] is accepted as correct," it was legally insufficient to sustain a claim based on suicide. On remittal, the Board—for the first time—actually exercised its authority to resolve the conflict in expert opinions and accepted the testimony of the employer's expert over that of claimant's expert on the issue of causation. Contrary to claimant's contention, our review of the record demonstrates that the opinion of the employer's expert has a rational basis, including evidence of decedent's history of preexisting recurrent severe depression; indeed, this case involves the very type of conflict in medical opinion that is within the province of the Board to resolve, particularly where, as here, the Board has to determine whether the medical evidence establishes causality (*see, Matter of Moreines v Lawrence Nursing Care*, 277 AD2d 836; *see also, Matter of Dongarra v Village of Ossining*, 250 AD2d 1007, 1008, *lv dismissed* 92 NY2d 919, *lv denied* 93 NY2d 816). Accordingly, the Board's decision is supported by substantial evidence and must be affirmed despite the existence of evidence which could arguably support a contrary result (*see, Matter of Tompkins v Sunrise Heating Fuels*, 271 AD2d 888; *Matter of Grucza v Waste Stream Technology*, 252 AD2d 901).

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.