■ In the Matter of the Claim of Sylvia Kaufman, Appellant, v Aquabug International Corporation et al., Respondents. Workers' Compensation Board, Respondent. [731 NYS2d 826] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed April 4, 2000, which ruled that decedent's death was not causally related to a prior compensable injury.

In August 1983, claimant's husband, Bernard Kaufman (hereinafter decedent), suffered a compensable myocardial infarction and was ultimately classified as permanently, totally disabled. On June 7, 1992, decedent died and claimant filed a claim for compensation alleging that decedent's death was causally related to his underlying compensable myocardial infarction. Following hearings, a Workers' Compensation Law

Judge (hereinafter WCLJ) credited the testimony of the medical expert for the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) and denied the claim. Claimant unsuccessfully appealed the decision to the Workers' Compensation Board.

The sole issue presented on this appeal is whether there exists substantial evidence in the record to support the Board's decision. The record establishes that in 1983, decedent sustained a myocardial infarction while at work and thereafter underwent triple bypass surgery. In 1987, he had a renal transplant and commenced immunosuppression to prevent the rejection of the kidney. His final hospital stay commenced on May 28, 1992 when he was admitted for evaluation and initiation of radiotherapy for cancer treatment; he died on June 7, 1992. The certificate of death indicated that the immediate cause of death was cardiac arrest due to, or as a consequence of, sepsis pneumonia secondary to renal transplantation and stroke. It further listed "squamous cell cancer-metastic" as another significant condition contributing to, but not a cause of, his death.

Claimant's expert, Kenneth Fishberger, an internist, opined that decedent suffered from an acute myocardial infarction on June 7, 1992 and that this infarction which caused his death was wholly related to his 1983 myocardial infarction. He based his opinion primarily upon his comparison of the EKG studies conducted by the hospital during decedent's last days. Notably, neither the hospital records nor the death certificate listed a myocardial infarction as a cause of death.

Carl Friedman, an internist and cardiologist, testified for the employer. He opined that decedent died of end-stage cancer with staphylococcal pneumonia and septic shock. He reasoned that as a result of the renal transplant, the commencement of immunotherapy increased the development of cancer due to immunosuppression. He further opined that the staphylococcal pneumonia that decedent suffered from at the end stage of his hospitalization led to septic shock and adult respiratory distress syndrome. Although Friedman acknowledged that he failed to review the EKG studies prior to the hearing, he opined that the changes noted by Fishberger to support his opinion represented a pattern of ischemia due to decedent's extended maintenance on a respirator. Friedman opined that although decedent's heart was stressed due to his prior medical condition, the pattern of ischemia reflected in the EKG would have occurred with anyone placed on a respirator for that length of time who was suffering from septic shock and adult respiratory distress syndrome.

Even accepting the factual inconsistencies noted in Friedman's testimony, we do not find them to undermine the rational basis supporting his opinion regarding the cause of decedent's death. Nor do we find that his opinion amounted to speculation; "[a]ll that is required is that it be reasonably apparent that the expert meant to signify a probability as to the cause and that his opinion be supported by a rational basis" (*Matter of Van Patten v Quandt's Wholesale Distribs.*, 198 AD2d 539). In so finding, we recognize that where, as here, there are conflicting medical opinions, it is within the Board's province to resolve these issues (*see, Matter of Altes v Petrocelli Elec. Co.*, 283 AD2d 829, 830). Finding substantial evidence to support the Board's decision, despite obvious evidence to the contrary, we affirm (*see, id.*, at 830; *Matter of Billings v Dime Sav. Bank*, 236 AD2d 649, 650). Accordingly, the Board's decision is affirmed.

Cardona, P. J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.