■ In the Matter of the Claim of EMILY GODING, Appellant, v PAR MICROSYSTEMS, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [738 NYS2d 126] —Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed October 13, 2000, which ruled that claimant's respiratory condition was not causally related to her employment and denied her claim for workers' compensation benefits.

This appeal stems from a controverted occupational disease claim for respiratory distress allegedly arising out of claimant's exposure to irritants in her workplace. In the course of the workers' compensation proceedings, claimant's treating physician testified that claimant was disabled by an occupational respiratory condition. Although he suspected asthma, he could not prove that diagnosis. Claimant also presented the report of the physician who performed an initial independent medical examination for the employer who concluded that claimant had occupational asthma which had developed into a syndrome of "multiple chemical sensitivities." However, the pulmonologist who also examined claimant at the employer's request testified that claimant presented no objective signs of asthma and stated that multiple chemical sensitivities was not an accepted medical diagnosis. He concluded that claimant's respiratory distress was related to her obesity, which was the root cause of any disablement. The Workers' Compensation Board ruled that claimant's condition was not causally related to her work or her work environment.

On this appeal, claimant contends that the Board erred in failing to give sufficient weight to the testimony of her treating physician. We do not agree. The weight to be given conflicting expert opinions "rests within the discretion of the Board, fully authorized to accept that which it finds most credible" (*Matter of Gullo v Southern Erie Clinical Servs.*, 258 AD2d 689, 692). Although "the Board cannot rely upon expert opinion that amounts to nothing more than * * * speculation" (*Matter of Dongarra v Village of Ossining*, 250 AD2d 1007, 1008, *lv dismissed* 92 NY2d 919, *lv denied* 93 NY2d 816), our review of the record confirms that the opinion of the pulmonologist, who examined claimant and reviewed relevant medical records, supplied the necessary rational basis to support the Board's decision (*see, Matter of Van Patten v Quandt's Wholesale Distribs.*, 198 AD2d 539). "[T]his case involves the very type of conflict in medical opinion that is within the province of the Board to resolve, particularly where, as here, the Board has to determine whether the medical evidence establishes causality" (*Matter of Altes v Petrocelli Elec. Co.*, 283 AD2d 829, 830). Accordingly, we find no reason to disturb the Board's decision.

Mercure, Peters, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.