■ In the Matter of the Claim of SYNDI L. MALDONADO, Appellant, v EXCLUSIVE AUTO BODY SUPPLY INC. et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [744 NYS2d 557] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed September 21, 2001, which ruled that claimant's illness was not causally related to her employment and denied her claim for workers' compensation benefits.

Claimant worked as a bookkeeper in an office located adjacent to a room where the employer mixed and applied paint to automobile parts. She experienced fatigue, weakness and bruising beginning in 1994, but did not seek medical attention for these symptoms until a January 1997 physical revealed abnormalities in her blood. Following a bone marrow biopsy, it was determined that she suffered from aplastic anemia, a condition affecting her blood-forming capabilities. In November 1997, she filed a claim for workers' compensation benefits claiming that exposure to certain toxic fumes in her workplace caused the illness.

Kenneth Miller, claimant's treating hematologist, initially opined that claimant was exposed to benzene, which has a specific causative link to bone marrow disorders, and toluene, which is associated with causing such disorder. However, chemical analysis subsequently determined that the paint fumes did not contain benzene, and air quality tests revealed the presence of toluene, but in relatively minute quantities that fell within acceptable OSHA guidelines.

Miller conceded that there is not a "defined close relationship" between toluene and claimant's illness, but that individuals with chronic exposure, such as glue sniffers and professional painters, have an increased incidence of aplastic anemia. Assuming claimant worked full time, five days a week and was exposed over the course of an entire day, Miller testified that, if not for claimant's exposure to toluene, she would not have developed the ailment. However, the record reveals that claimant only worked for the employer for about three years before filing a claim for benefits, and worked on a part-time basis between 15 and 35 hours per week.

The independent medical examiner, Warren Silverman, testified that claimant's medical history suggested that her illness predated her employment because she suffered from chronic anemia prior to her employment, and the onset of her symptoms shortly after she began employment contradicted the reported latency period for her ailment, as symptoms should not have arose until significantly thereafter. Moreover, he opined that

the minimal levels of toluene—a common workplace solvent—to which claimant was exposed could not have caused her illness.

Finding Silverman's report and testimony more credible than that offered by Miller, a Workers' Compensation Law Judge denied the claim, concluding that claimant failed to establish a causative link between the paint fumes and her illness. The Workers' Compensation Board affirmed this determination, prompting this appeal by claimant.

It is fundamental that the weight accorded to conflicting medical testimony is a matter resting within the sound discretion of the Board and it may accept the opinion which it finds most credible (*see, Matter of Gullo v Southern Erie Clinical Servs.*, 258 AD2d 689, 692). Upon our review of the record, we agree with the Board that Silverman's report and testimony provides substantial evidence to support its determination that claimant failed to establish the necessary causal link between her illness and her work environment (*see, Matter of Marks v County of Tompkins*, 274 AD2d 764, 765-766; *Matter of Reome v Eastern Tech. Servs.*, 272 AD2d 787). "[T]his case involves the very type of conflict in medical opinion that is within the province of the Board to resolve, particularly where, as here, the Board has to determine whether the medical evidence establishes causality" (*Matter of Altes v Petrocelli Elec. Co.*, 283 AD2d 829, 830) and, therefore, the Board's decision is affirmed (*see, Matter of Goding v Par Microsystems*, 291 AD2d 765; *Matter of Garrio v Donovan*, 290 AD2d 913).

Crew III, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.