■ In the Matter of the Claim of ESTATE OF MARTIN MATUSKO, Respondent, v KENNEDY VALVE MANUFACTURING COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [745 NYS2d 302] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed November 10, 2000, which ruled that decedent's death was causally related to a prior work-related injury and awarded workers' compensation benefits.

In 1981, Martin Matusko, during the course of his employment, suffered a work-related injury to his right fifth finger and right shoulder for which benefits were awarded in 1983. In 1985, as a result of the work incident in 1981, a compensable neck injury was established and, in 1989, Matusko was

ultimately declared permanently totally disabled. In 1995, Matusko died and the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) now appeal from the decision of the Workers' Compensation Board which affirmed the determination of the Workers' Compensation Law Judge that Matusko's death was causally related to the 1981 accident. Based upon our review of the record, we are persuaded that there is substantial evidence to support the Board's determination that Matusko's death was causally related to the 1981 accident, which rendered symptomatic a preexisting cranio-cervical junction abnormality diagnosed as basilar invagination syndrome and caused Matusko to suffer from sleep apnea, seizures, breathing problems and other symptoms.

The employer's contention is that the decision of the Board should be reversed since the medical evidence establishing the required causal relationship between Matusko's death and the accident was simply speculation. While we note that the causal relationship of the death to a compensable injury must be supported by substantial evidence in the record and cannot be based on "opinion evidence that is pure speculation" (*Matter of Van Patten v Quandt's Wholesale Distribs.*, 198 AD2d 539, 539), there is no requirement that medical opinions be expressed with absolute or reasonable medical certainty (*see, Matter of Dongarra v Village of Ossining*, 250 AD2d 1007, 1008, *lv dismissed* 92 NY2d 919, *lv denied* 93 NY2d 816). The opinion is adequate if it is apparent that the expert meant to signify a probability as to the requisite causal connection, and that such opinion is supported by a rational basis (*see, Matter of Castiglione v Mechanical Tech.*, 227 AD2d 865, 866-867; *Matter of Garrio v Donovan*, 290 AD2d 913, 914).

Here, there are competing medical opinions concerning the causal relationship between the death and the 1981 industrial accident. On Matusko's death certificate, his physician indicated that the immediate causes of death were cardiorespiratory arrest, asthma and chronic obstructive pulmonary disease, and it further indicated that other contributing causes included a seizure disorder, obesity, diabetes mellitus, obstructive sleep apnea and hypertension. The listed causes of death included conditions that the Board had previously deemed were causally related to the 1981 accident. Matusko's physician testified that, not having been present, he could not render an opinion regarding the exact cause of death, but that the causes listed on the death certificate were reasonable assumptions based on the emergency room and transport records and his

treatment of Matusko's conditions over the years preceding his death. An impartial pulmonary specialist appointed by the Board concluded that Matusko's death was caused by conditions unrelated to the accident.

It is the function of the Board to resolve conflicting medical evidence and its resolution is to be accorded deference, particularly as it relates to issues of causation (*see, Matter of Wallace v Nestles Chocolate Co.*, 286 AD2d 851, 852; *Matter of La Fave v St. Lawrence County*, 283 AD2d 790, 791). We conclude that the Board's acceptance of the opinion of Matusko's physician, rendered in his "best and reasonable judgment," has a rational basis.

Notably, the opinion of the impartial pulmonary specialist refusing to link Matusko's death to his cranio-cervical condition is based in large measure on his belief that the surgery on Matusko's neck in 1985 effectively cured the problem. However, that opinion ignores Matusko's medical history, which documents symptoms associated with basilar invagination syndrome following the surgery, and the 1989 Board finding (from which no appeal was taken) of total permanent disability that was based on those symptoms.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.