◼ In the Matter of the Claim of ARLENE OWOC, Respondent, v SYRACUSE UNIVERSITY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [753 NYS2d 221] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed June 13, 2001, which, inter alia, ruled that the death of claimant's decedent was causally related to his employment and awarded claimant workers' compensation death benefits.

Decedent was employed by Syracuse University (hereinafter the employer) as a maintenance worker at the employer's steam plant. He usually left for work at 7:00 A.M. and arrived home between 4:30 P.M. and 4:45 P.M. On June 12, 1996, decedent worked a full day and returned to his home at approximately 5:00 P.M. His lifeless body was discovered at home by his son at approximately 10:00 P.M. that evening. The cause of death was ventricular fibrillation secondary to coronary artery disease. Claimant, decedent's widow, filed a claim for workers' compensation death benefits which was controverted by the employer. Following a hearing at which medical testimony was provided, the Workers' Compensation Law Judge (hereinafter WCLJ) concluded, inter alia, that decedent's death was causally related to his employment and awarded claimant workers' compensation death benefits. The Workers' Compensation Board affirmed the WCLJ's decision and this appeal ensued.

The employer contends that the WCLJ improperly based his finding of causal relationship upon the speculative and irrational medical opinion of physician David Nash and that the Board impermissibly fashioned a medical opinion of its own by

agreeing with this finding. While the Board may not reject the unanimous opinion of medical experts on the issue of causation and formulate an opinion of its own (see *Matter of Doersam v Oswego County Dept. of Social Servs.*, 171 AD2d 934, 936, *affd* 80 NY2d 775), that is not what occurred here. Rather, this case presents a situation in which two qualified medical experts gave conflicting opinions with regard to the cause of decedent's death and the Board chose to credit the opinion of one over the other, as it was entitled to do (see *Matter of Maldonado v Exclusive Auto Body Supply*, 295 AD2d 868, 869; *Matter of Hosmer v Emerson Power Transmission*, 295 AD2d 870, 871).

Notably, both experts agreed that decedent's death was caused by ventricular fibrillation secondary to coronary artery disease. Cardiologist Ralph Janicki opined that it was due to decedent's lifelong habit of smoking 1½ packs of cigarettes per day. While he conceded that stresses related to marital, financial and family difficulties may also have played a role, he rejected the notion that workplace stress was a contributing factor. Nash, on the other hand, opined that decedent's death was attributable to his work at the steam plant. Although he acknowledged that he did not know decedent's precise work activities on the date of his death, he based his opinion upon the assumption that decedent's duties that day were physical in nature given his general job description. That assumption was supported by the testimony of decedent's coworker who stated that he worked with decedent on the date of his death and that their duties entailed identifying and repairing water line breaks, which involved, among other things, lifting manhole covers. Nash indicated in his written report that "with increasing effort, there is an increase in the workload of the heart and in relation to this, with vasoactive amines, there can be an increase in blood coagulability and a reduction in the ventricular fibrillation threshold." Inasmuch as we find that Nash's opinion was supported by a rational basis (see *Matter of Matusko v Kennedy Valve Mfg. Co.*, 296 AD2d 726, 727-728, *lv denied* 99 NY2d 504; *Matter of Van Patten v Quandt's Wholesale Distribs.*, 198 AD2d 539, 539-540), we decline to disturb the Board's decision.

The employer's remaining contentions have been considered and found to be without merit.

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.