■ In the Matter of the Claim of EILEEN O'MALLEY, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [753 NYS2d 587] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed June 15, 2001, which ruled that decedent's death was not causally related to his employment and disallowed the claim for workers' compensation death benefits.

Decedent worked for the employer as a mechanic for approximately 25 years. In 1990, he was diagnosed with metastatic lung and bone cancer and died on January 18, 1991. In May 1992, claimant, decedent's widow, filed a claim for workers' compensation death benefits on the basis that decedent died from mesothelioma, an occupational lung disease caused by exposure to asbestos. The employer controverted the claim and a hearing was held before a Workers' Compensation Law Judge (hereinafter WCLJ) in November 1998 during which Ira Gould, claimant's medical expert, was the only physician to offer an opinion as to the causal relationship between decedent's employment and the cancer that caused his death. Following the hearing, the WCLJ found Gould's testimony concerning causal relationship neither creditable nor credible and disallowed the claim. The Workers' Compensation Board affirmed the WCLJ's decision, resulting in this appeal.

Claimant asserts that the Board's decision is not supported

by substantial evidence because it disregarded Gould's opinion on the issue of causation and, in effect, substituted an opinion of its own. On this record, we find merit in this argument. It is well settled that while "[t]he Workers' Compensation Law * * * does not require that medical opinions be expressed with absolute or reasonable medical certainty[,] * * * [it must] be reasonably apparent that the expert meant to signify a probability as to the cause and that his opinion be supported by a rational basis" (*Matter of Van Patten v Quandt's Wholesale Distribs.*, 198 AD2d 539, 539). Based upon our review of the record, we find that Gould's opinion has a rational basis.

Initially, we note that there is no dispute that decedent was exposed to asbestos at his place of employment for a period of approximately 25 years before his death. Gould based his medical opinion that a causal relation existed between decedent's employment and his death upon this extended exposure to asbestos and probative evidence gleaned from the medical records in the Board's file. Specifically, Gould identified a desmoplastic tissue reaction seen in decedent's biopsy and a large associated pleural effusion as definite features of malignant mesothelioma. The Board based its rejection of Gould's opinion as to causation on the fact that decedent's medical records contained no opinion from any of decedent's doctors that decedent's exposure to asbestos was causally related to his death. Significantly, however, the medical records do not relate decedent's metastatic lung and bone cancer to any specific cause. None of the doctors whose reports are contained in the Board's file was asked for or volunteered an opinion as to the cause of decedent's cancer. Accordingly, Gould's opinion as to causal relation, which we find to be rationally supported by facts gleaned from the medical records in the Board's file (*see Matter of Matusko v Kennedy Valve Mfg. Co.*, 296 AD2d 726, 728, *lv denied* 99 NY2d 504; *Matter of Ayala v DRE Maintenance Corp.*, 238 AD2d 674, 675, *affd* 90 NY2d 914; *Matter of Van Patten v Quandt's Wholesale Distribs.*, *supra*), is uncontroverted and the Board may not reject it in the absence of some contrary medical expert opinion evidence regarding the cause of death (*see Matter of Knouse v Millshoe*, 260 AD2d 948, 950; *Matter of Doersam v Oswego County Dept. of Social Servs.*, 171 AD2d 934, 936, *affd* 80 NY2d 775).

Mercure, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.