■ In the Matter of the Claim of JAMES HARE, Appellant, v CHAMPION INTERNATIONAL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [756 NYS2d 667] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed May 23, 2001, which denied claimant certain workers' compensation benefits.

On October 14, 1991, claimant suffered injuries to his head, neck and back while working as a millwright for Champion International. In March 1993, claimant's compensation case was closed with a finding of no compensable lost time after November 11, 1991. In 1997, claimant began to see numerous physicians complaining that his pain from his October 1991 injuries had worsened. Claimant also sought authorization for a prescription for Viagra, claiming that his October 1991 ac-

cident caused him to suffer sexual dysfunction. Notwithstanding claimant's worsening pain, he lost no further time from work. In November 1998, claimant's request for payment of his Viagra prescriptions was denied by Champion's carrier.*

On June 4, 1999, in anticipation of the sale of Champion's mill to a new owner, claimant took a week off from work and used up the "floating holidays" he had accumulated. When he was ready to return to work in July 1999, Champion had completed the sale of its business to the new owner which required former Champion employees to reapply for their jobs. Upon application, claimant was told that he did not meet the new owner's qualifications and was not rehired. Claimant continued to seek payment for his Viagra prescriptions and, after the new owner did not rehire him, also sought compensation for lost time claiming that he was not rehired because of his substantial disability stemming from his October 1991 work-related accident. Following a hearing and subsequent submissions by the parties, the Workers' Compensation Law Judge (hereinafter WCLJ) found claimant's unemployment after July 1, 1999 was due to economic conditions and that there was no causal relation between the October 1991 accident and claimant's sexual dysfunction. The WCLJ's decision was unanimously affirmed by a panel of the Workers' Compensation Board, prompting this appeal by claimant.

With respect to his claim for compensable lost time, claimant argues that the refusal of Champion's successor to hire him was based solely on the injuries and subsequent disabilities suffered as a result of his October 1991 work-related accident. We disagree. It is claimant's burden to demonstrate that his inability to obtain employment was caused by the disabilities he suffered from the October 1991 accident (*see Matter of Walby v Volt Info. Science*, 292 AD2d 740, 740 [2002]; *Matter of Ennist v Texaco, Inc.*, 280 AD2d 773, 773 [2001]). Claimant has failed to meet his burden in this regard. To the contrary, claimant's testimony that his injuries did not prevent the full-time resumption of his duties at Champion from February 1992 until Champion's sale of the mill in 1999, that he would have continued working if a new employer had offered him a job and that other former Champion employees were not rehired, provides substantial evidence to support the Board's determination that claimant's lack of work was due to economic conditions (*see Matter of Benesch v Utilities Mut. Ins. Co.*, 263 AD2d 585, 585 [1999]).

---

* The Special Funds Conservation Committee thereafter accepted responsibility for this claim under Workers' Compensation Law § 25-a and eventually was substituted as the carrier of record.

Likewise, the Board acted well within its discretion in resolving the conflicting medical evidence before it regarding the cause of claimant's sexual dysfunction in favor of the Special Funds Conservation Committee (*see Matter of Goding v Par Microsystems*, 291 AD2d 765, 765 [2002]; *Matter of Musso v Earth Movers*, 240 AD2d 846, 848 [1997]).

Mercure, J.P., Crew III, Spain and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.