McCarthy, J.
Appeal from a decision of the Workers’ Compensation Board, filed August 2, 2012, which granted claimants’ applications for workers’ compensation benefits.
Francis Harris (hereinafter decedent), who was employed as a machinist and whose duties included the milling and drilling of various metals for many years, was diagnosed with pulmonary fibrosis and submitted a claim for workers’ compensation benefits. Claimant Patricia Harris, decedent’s widow, submitted a claim for workers’ compensation death benefits after decedent died. A Workers’ Compensation Law Judge denied both claims, finding that there was insufficient evidence that decedent’s pulmonary fibrosis was causally related to his employment. *1134 Upon review, the Worker’s Compensation Board reversed and established both claims. The employer appeals.
We affirm. “[W]hile the Board cannot rely upon expert opinion evidence that amounts to nothing more than pure speculation, the Workers’ Compensation Law . . . does not require that medical opinions be expressed with absolute or reasonable medical certainty” (Matter of Dongarra v Village of Ossining, 250 AD2d 1007, 1008 [1998], lv dismissed 92 NY2d 919 [1998], lv denied 93 NY2d 816 [1999] [internal quotation marks and citation omitted]; accord Matter of Van Patten v Quandt’s Wholesale Distribs., 198 AD2d 539, 539 [1993]). “All that is required is that it be reasonably apparent that the expert meant to signify a probability as to the cause and that his [or her] opinion be supported by a rational basis” (Matter of Van Patten v Quandt’s Wholesale Distribs., 198 AD2d at 539 [citations omitted]; see Matter of Castiglione v Mechanical Tech., 227 AD2d 865, 866-867 [1996]).
The expert opinion evidence in the record demonstrates that there is a reasonable probability that decedent’s condition was causally related to his employment and such an opinion is rationally based. Under these circumstances, and considering the absence of any other explanation for decedent contracting the condition, substantial evidence supports the Board’s decision (see Matter of Dongarra v Village of Ossining, 250 AD2d at 1008; Matter of Castiglione v Mechanical Tech., 227 AD2d at 867).
Lahtinen, J.E, Stein and Garry, JJ., concur.
Ordered that the decision is affirmed, without costs.